**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-344(2) (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER ON § 2255 MOTION** |
| FINOH SAHR FILLIE, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Amber M. Brennan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Finoh Sahr Fillie, Reg. No. 18248-041, Federal Medical Center, P.O. Box 1600, Butner, NC 27509, *pro se* defendant.

Defendant Finoh Sahr Fillie and twenty-four others were charged with bank fraud, aggravated identity theft, and conspiracy to commit bank fraud on October 21, 2014. (Indictment ¶¶ 14, 21, 24, Oct. 21, 2014, Docket No. 1.) Fillie pled guilty to two counts: Count 1 for conspiracy to commit bank fraud and Count 35 for aggravated identity theft. (Plea Tr. at 8:2-11, 42:24-43:20, Aug. 4, 2015, Docket No. 676.) A short summary of the facts of the case is described in *United States v. Gaye*, 902 F.3d 780, 785-86 (8ᵗʰ Cir. 2018).

At the change of plea hearing, the Court noted that the United States and Fillie had a "disagreement as to whether there should be an adjustment for [Fillie's] role in the offense," and that "if there is no agreement on [the dispute] prior to sentencing, the Court

will resolve it after hearing argument from both sides." (Plea Tr. at 36:13-19.)  The issue was vigorously argued by both sides.  (*See* USA Sentencing Mem. at 24-26, Jan. 26, 2017, Docket No. 1278; Def.'s Sentencing Mem. at 11-12, Jan. 18, 2017; Sentencing Tr. at 7:8-8:22, 13:18-14:10, Feb. 28, 2017, Docket No. 1343.)

The Court applied a three-level enhancement for Fillie's role in the offense.  (Tr. Sentencing at 21:23-22:8.)  Fillie appealed the three-level enhancement.  *Gaye*, 902 F.3d at 792-93.  The Eighth Circuit affirmed, concluding that the record supported the Court's finding that there was "some level of organization on the part of Mr. Fillie," however, the Court "consider[ed] him to be a manager and supervisor," and not "a leader."  *Id.*

At sentencing, the Court found Fillie accountable for actual losses of $770,551.08, a finding that Fillie appealed.  *Id.* at 792.  The Eighth Circuit held that "it was not clearly erroneous to conclude that the transactions of Fillie's co-conspirators were reasonably foreseeable to him.  The court properly held Fillie responsible for the full amount of loss." *Id.*

Fillie now moves the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (§ 2255 Mot., Mar. 11, 2019, Docket No. 1679.)  Fillie alleges that his defense counsel was constitutionally ineffective for: (1) coercing Fillie to agree to a higher loss amount in the plea agreement; (2) promising him he would receive a six-year sentence for pleading guilty; (3) not pursuing a downward departure under U.S.S.G. § 5K2.23  or a hard time variance; (4) verbally forcing him into an involuntary plea; and (5) failing to pursue various other "fundamental errors" in the case.  (*See generally* § 2255 Mot; Def.'s Mem. Supp., Mar. 11, 2019, Docket No. 1680.)  The Court will deny the § 2255 motion

because Fillie fails to allege facts supporting his arguments, the facts he alleges are directly contradicted by the record, or the facts alleged do not rise to the level of ineffective assistance of counsel.

## DISCUSSION

### I.      SECTION 2255

Section 2255 permits a prisoner held in federal custody to move a sentencing court to "vacate, set aside or correct" a sentence.  28 U.S.C. § 2255(a).  Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Here, Fillie alleges that his counsel was constitutionally ineffective.  A defendant has the right to effective assistance of counsel at all critical stages of a criminal proceeding, including plea agreements.  U.S. Const. amend. VI; *Missouri v. Frye*, 566 U.S. 134, 140 (2012).  To demonstrate ineffective assistance of counsel, Fillie must make two showings: (1) counsel's performance "fell below an objective standard of reasonableness" and (2) counsel's deficient performance was "prejudicial to the defense."  *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

As to the first showing, Fillie must demonstrate that—under the circumstances— counsel's "acts or omissions were outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  As to the second showing, Fillie must demonstrate

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* When alleging ineffective assistance of counsel as to his guilty plea, Fillie must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

An evidentiary hearing must be held on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). When a factual dispute exists or a credibility determination is needed, an evidentiary hearing is required. *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). A court may deny an evidentiary hearing if (1) the petitioner would not be entitled to relief even if the court accepts all his allegations as true, or (2) his allegations cannot be taken as true because they are contradicted by the record, inherently incredible, or conclusory. *Id.* at 1206-07.

## II. PLEA ADVICE

Fillie contends that his counsel was ineffective for: (1) coercing Fillie into agreeing to a higher loss amount in the plea agreement; (2) promising him he would receive a six-year sentence for pleading guilty; and (3) verbally forcing him into an involuntary plea. Fillie fails to allege facts supporting his contention that his trial counsel coerced him into pleading guilty. Furthermore, Fillie's allegations are directly contradicted by the record. Thus, the Court will deny the motion with respect to all three arguments.

As to the first argument, Fillie alleges no facts to support his contention that his counsel coerced him into pleading guilty. Fillie vaguely alleges that because the expected amount of loss at the plea agreement stage was greater than the actual amount of loss found at sentencing, he was somehow coerced into pleading guilty. Fillie's argument boils down to his disagreement with the Court's finding of actual loss of $770,551.08 instead of his own computation of $23,137.93.[1] Fillie alleges that his counsel "verbally coerced" him into agreeing to a higher loss amount than what he believes he is actually responsible for; however, beyond these conclusory allegations, Fillie alleges no specific facts to support this claim. He does not allege when this occurred, what was said, or even who was involved. (Def.'s Mem. Supp. at 5-11, Mar. 11, 2019, Docket No. 1680.) Furthermore, his claim is belied by his sworn testimony at his change of plea hearing, when Fillie denied any coercion, affirming that no one had tried to force him to plead guilty and that he was pleading guilty voluntarily. (Plea Tr. at 38:16-20.) These "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977). Because Fillie's argument is unsupported and contradicted by the record, the Court will deny the motion with respect to this issue.[2]

---

[1] To the extent that Fillie's argument can be read as disputing the Court's calculations, Fillie already raised this argument on appeal and lost. *See Gaye*, 902 F.3d at 792.

[2] In Fillie's Reply, he alleges that the 2016 Guidelines Manual was used instead of the 2015 Guidelines Manual in determining his applicable sentencing range. The Court notes that the 2015 Guidelines Manual was used in calculating Fillie's total offense level. (Revised Presentence Report at 37, Feb. 22, 2017, Docket No. 1332.) Furthermore, had the 2016 Guidelines been applied, they would not have impacted the offense level calculation. *Compare* 2015 U.S.S.G § 2B1.1(b)(1)(H) *with* 2016 U.S.S.G. § 2B1.1(b)(1)(H).

Fille's second argument also fails. His allegation that his counsel promised him a term of imprisonment of six years is not only incredible, but directly contradicted by the record. During Fillie's change of plea hearing the Court asked "[o]ther than what is in writing in this document, Mr. Fillie, has anyone made any other promises to you in an effort to get you to plead guilty?" (*Id.* at 38:12-14.) Fillie responded, "[n]o, Your Honor." (*Id.* at 38:15.) Furthermore, even if his allegations were true, they do not rise to the level of ineffective assistance. The Eighth Circuit has held that "inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). The Court advised Fillie that the maximum penalty on Count 1 was 30 years and on Count 35 was two years, which would be consecutive. (Plea Tr. at 34:16-25.) It also advised Fillie that his anticipated guideline range was anywhere from 100 to 175 months and that the Court would determine at sentencing how they applied to Fillie. (*Id*. at 35:23-25; 37:2-5.) Fillie was sentenced within this predicted range. Thus, the Court will deny the motion with respect to this issue.

Fillie's third argument is that Fillie's counsel, along with the United States, coerced him into a guilty plea by threatening Fillie with a potential sentence of 360 months to life imprisonment. Fillie alleges that his counsel shared an email from the United States stating that if Fillie did not plead guilty, then the United States would pursue a sentence of 360

months to life imprisonment. Fillie alleges that, by sharing this information with him, his attorney "helped and assisted the government into involuntarily and verbally coercing [him] into an unwanted involuntary plea." (Def.'s Mem. Supp. at 20.) Even assuming Fillie's allegations regarding this email are true, his counsel's conduct in sharing this email was not "outside the wide range of professionally competent assistance." *Strickland*, 466 US. at 690. It is squarely within the range of professionally competent assistance to share such information with a client to help the client make an informed decision. Thus, the Court will deny the motion with respect to this issue.

## III.    FAILURE TO PURSUE VARIOUS ISSUES

Fillie also argues that his defense counsel was ineffective by failing to pursue (1) a downward departure pursuant to U.S.S.G. § 5K2.23 and a hard time variance; and (2) some "fundamental errors" in the case. (Def.'s Mem. Supp. at 15-17, 22-24.)

### A.    § 5K2.23 Departure and Hard Time Variance

Fillie's trial counsel sought a § 5K2.23 departure and a hard time variance. (Def.'s Sentencing Mem. at 29, 31-32.) As such, Fillie's argument fails as to his trial counsel.

To the extent that Fillie argues that his appellate counsel was ineffective for not raising these issues on appeal, his claim also fails. Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The Court's determinations of the § 5K2.23 departure and hard-time variance were subject to the Court's discretion at sentencing, would have been reviewed for abuse of

discretion at sentencing, and were not likely to be reversed. As such, Fillie cannot show that his counsel's performance was unreasonable.

### B. Fundamental Errors

The fundamental errors Fillie alleges are: (1) the Court incorrectly applied the managerial role enhancement; (2) the Court incorrectly calculated the number of victims to include banks instead of only insurance companies; and (3) the "Sixth Amendment enhancements" were applied. (Mot. at 22-24.)

To the extent that Fillie seeks to relitigate the first two issues, he is precluded from doing so because he raised them in his direct appeal. *See Walking Eagle*, 742 F.3d at 1081-82.

To the extent that Fillie argues that his trial and/or appellate counsel were unconstitutionally ineffective for failing to raise these issues, Fillie's claim fails because both issues were raised at sentencing and on appeal.

Fillie's third identified error—counsel's failure to pursue "Sixth Amendment enhancements"—also fails. Fillie alleges that his "[c]ounsel was ineffective for not arguing against the Sixth Amendment enhancements that [he] received." (Mot. at 24.)[3] Fillie's argument appears to be a challenge to the burden of proof at the plea and sentencing stage. Fillie appears to argue that his Sixth Amendment right to a jury and Fifth Amendment rights to due process were violated because the Court made factual findings "only by a

---

[3] To the extent that Fillie is arguing that his trial and/or appellate counsel should have objected to the enhancements that were applied, both his trial and appellate counsel did so.

preponderance of the evidence" and not with "a jury determination beyond a reasonable doubt." (*Id.*) But Fillie waived his right to a jury trial and his right to be proven guilty beyond a reasonable doubt when he pled guilty. (Plea Tr. at 39:23-40:4, 41:8-12.) At the sentencing stage, the Court need only make factual findings supported by a preponderance of the evidence. *See United States v. Sharp*, 879 F.3d 327, 335 (8th Cir. 2018) ("A guilty plea is supported by an adequate factual basis when the record contains sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense."). His appellate counsel was not constitutionally ineffective for not raising these meritless claims on appeal. *See Dyer v. United States*, 23 F.3d 1424, 1426.

## IV.    EVIDENTIARY HEARING

Fillie seeks an evidentiary hearing on several of his claims. As discussed above, Fillie's allegations are largely "contradicted by the record, inherently incredible, or conclus[ory]." *Thomas*, 737 F.3d at 1206. Where they are not, he would not be entitled to relief even if the Court accepted his allegations as true. As such, the Court will deny his request for an evidentiary hearing.

## V.    CERTIFICATE OF APPEALABILITY

A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson,* 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be "debatable among reasonable jurists," a court must be able to

resolve the issues differently, or the case must deserve further proceedings. *Flieger v. Delo,* 16 F.3d 878, 882-83 (8th Cir. 1994). Fillie fails to make such a showing. The Court thus declines to grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant's Motion to Vacate Under 28 U.S.C. 2255 [Docket No. 1679] is **DENIED**.

2.      Defendant's Motion to Move the Government to Adhere to the Judge's March 24th Order in Responding to the Movant's Title 28 U.S.C. 2255 Motion [Docket No. 1691] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 15, 2019                        _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                                    Chief Judge
                                                        United States District Court